UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN D. KRUEGER,

        Plaintiff,

        v.                          Case No. 19-C-1670

CARRIE STAGE and
AARON KRZEWINSKI,

        Defendants.

## SCREENING ORDER

Plaintiff Ryan D. Krueger filed a complaint in this case against Defendants Carrie Stage, the mother of his children, and her attorney, Aaron Krzewinski, as well as a motion for leave to proceed without prepayment of the filing fee. He relies on the affidavit of indigence he filed in Case No. 19-C-1470 to support his motion and asserts that his financial condition has not changed since its filing on October 30, 2019. Upon review of that affidavit, it appears that Plaintiff cannot not afford the filing fee. Accordingly, the court will grant Plaintiff's motion and screen the complaint.

The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening the complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to

relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's statements must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Plaintiff has now filed three actions based on allegations that defendants violated his rights under the Americans with Disabilities Act (ADA) by preventing an ADA advocate from representing Plaintiff at a custody hearing in Oconto County. In this case, Plaintiff claims the mother of his children and her attorney's arguments under Wis. Stat. § 757.30, which prevents an individual from practicing law without a license, resulted in the removal of Plaintiff's ADA advocate from the custody hearing. Plaintiff asserts that this conduct violated the ADA because, without the advocate, he was at a disadvantage during the hearing.

2

Plaintiff cannot assert an ADA claim against Defendants because the ADA "does not recognize a cause of action for discrimination by private individuals." *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 471 (4th Cir. 1999) (citing 42 U.S.C. §§ 12132, 12203(a)). In addition, Plaintiff cannot seek relief under 42 U.S.C. § 1983 because Defendants are not state actors. *See West v. Atkins*, 487 U.S. 42, 49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." (citation omitted)). Accordingly, Plaintiff's complaint fails to state a claim upon which relief can be granted, and it will be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED**. The Clerk is directed to enter judgment accordingly. Plaintiff is warned that he may be subject to sanctions if he files any further frivolous lawsuits.

Dated at Green Bay, Wisconsin this 19th day of November, 2019.

s/ William C. Griesbach
William C. Griesbach, District Judge
United States District Court
